UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 99-4123

PAUL TURNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-291)

Submitted: September 30, 1999

Decided: October 19, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Turney appeals his conviction and sentence imposed as a result of his guilty plea to a violation of 8 U.S.C.§ 1326(a) (1994). Turney, who was deported in 1996, was arrested in North Carolina in 1998, and pled guilty to a one count information charging him with being a previously deported alien in the United States of America without permission from the Attorney General. See id. Turney noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court imposed a sentence that was "too severe." The time for filing a supplemental brief has passed and Turney has not responded, despite being advised of his right to do so. Because we find this assignment of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Turney's conviction and sentence.

Turney objects to his seventy month sentence. He suggests that the district court abused its discretion in imposing the term of imprisonment. Our review of the record reveals that the district court correctly interpreted and applied the U.S. Sentencing Guidelines Manual in ascertaining Turney's total Offense Level of twenty-one, Criminal History Category of V, and sentencing range of seventy to eighty-seven months. Because Turney's sentence is within the applicable guideline range and the statutory maximum penalty for his crime, this court lacks authority to review his sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the

2

Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Turney's conviction and sentence are affirmed. Counsel's pending motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3